JOHN MEILER, APPELLANT, v. THE FAGEOL COMPANY, A CORPORATION, RESPONDENT.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, Meyer L. Sakin.

For the respondent, Ralph W. Wescott.

PER CURIAM.

The appeal in this case is from a judgment entered on a stipulation of facts, and the single question is whether in the writ of replevin issued by respondent, ruling the appellant Meiler to file a complaint as required by the Garagekeepers'

Lien act, the Fageol Company thereby debarred itself from asserting its superior legal title to two auto buses.

The stipulation was that the Lyndhurst-New York Coach Company purchased from Fageol Company the two auto buses on a duly recorded conditional sales agreement, and during the period of its possession had certain repairs made by Meiler. The Lyndhurst Company, being in default on its sales agreement, the vendor issued the writ of replevin against the buses in Meiler's possession, and incorporated in the writ the following direction to the sheriff: "That you summon the said John Meiler to commence action and to file a complaint with the clerk of Camden county within thirty days after the issuance of this writ showing the amount claimed by him." No other writ seems to have been issued and Meiler filed his complaint and gave bond as provided by chapter 250 of the laws of 1926.

It is contended that in this situation the Fageol Company had waived its right to the superior ownership accorded by the act of 1925, and that the only question, therefore, was one of the amount of the garageman's lien. The learned trial judge held otherwise and we think rightly.

Chapter 33 of the laws of 1925, accords to garagekeepers a lien upon a motor vehicle for storage, repair and supplies furnished, but provides that "such lien shall not be superior to nor affect any lien, title or any interest of any person or corporation held by virtue of a prior conditional sale or a prior chattel mortgage properly recorded." It is not disputed that the Fageol Company is within the terms of the proviso.

Chapter 250, of the laws of 1926, makes provision for the seizure of the motor vehicle for non-payment of claims by the garagekeeper, and also provides that the owner may demand from the garagekeeper a statement showing the true amount claimed to be due, and if he considers the claim excessive he may offer an amount such as he concedes to be due and demand possession. Upon refusal he may deposit the amount of the claim with $10 to cover costs and issue a writ of replevin for the vehicle and recover possession; or he may

pursue the same remedy by giving bond. The statute then requires that the garagekeeper shall file his demand or complaint within thirty days, and that the court shall hear the case and give judgment according to the facts. It then provides "if no action is brought by said garage owner or keeper within thirty days as aforesaid or judgment shall go for the defendant [owner], the court may order the return of the money or the discharge of the bond, and may also fix and determine the amount of damages suffered by said owner of the said motor vehicle for the seizure and detention of said vehicle and render a judgment for said amount against the said garage owner or keeper."

Without further reciting the provisions of the act of 1926 in detail, it is sufficient to say that none of them expressly or by implication debar the owner of his right to have determined the validity of the lien as against his superior title. Such a construction would completely nullify the protective effects of the proviso in chapter 33 of the laws of 1925, *supra,* which of course will not be lightly assumed. The fair construction of the act of of 1926 is, as we think, that the owner may, by his writ of replevin, have determined the validity of the lien as well as the amount of the garageman's claim. Indeed the language of chapter 250 in the paragraph quoted seems to contemplate a summary method of determining all the rights of the parties without circumlocution and in a single proceeding.

The judgment is affirmed.