NATHAN BROWN, INDIVIDUALLY AND TRADING AS EX-PERT SERVICE GARAGE, RESPONDENT, v. MACK IN-TERNATIONAL MOTOR TRUCK CORPORATION, PROSE-CUTOR.

Submitted May 13, 1932—Decided September 17, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *Richard M. Glassner* and *Jacob S. Glickenhaus*.

For the respondent, *Harry Levin*.

PER CURIAM.

The Mack Truck Corporation issued a writ of replevin to recover possession of a truck from Nathan Brown, and in the writ demanded that Brown commence an action and file a state of demand showing the amount claimed by him. Brown filed a paper styled state of demand claiming a lien on the truck for supplies as set forth in a schedule annexed, totalling $519.13, and waiving claim for the excess above $500.

This being done, the court made an order reciting that the writ was issued in accordance with the Garage Keepers Lien act and directing trial of the case. Notice of a motion was then made by the Mack corporation to strike out the state of demand, counsel for the company styling himself attorney for the defendant as though a suit by the garage keeper. By agreement the case as thus styled was set down for trial. To the writ the court returns that plaintiff (Brown) took possession of the truck and Mack replevied under the Lien act, filing a bond and retaking the truck; recites the filing of the state of demand, the motion to strike it out as being too late (which was denied), and refers to the stenographic transcript for the disposition of other points.

From these it appears that there was a long discussion between court and counsel in which the judge said what he thought and counsel said what they thought, at the end of which, without motion of any sort or tender of proof or failure to tender proof, the judge nonsuited the plaintiff. Who the plaintiff is or was would appear by the original writ to be the Mack corporation and by the style of the case from there on it would appear to be Brown. The former, however, accepts the position that it was the Mack company that was nonsuited and has this writ to review.

The nonsuit was wrong. The lienor has the affirmative. But, regardless of where the burden of proof may lie, the

judge nonsuited without affording either party opportunity to offer proofs, simply declaring that he could not try the title of the Mack corporation. This was error. *Meiler* v. *Fageol Co.,* 9 *N. J. Mis. R.* 37; 152 *Atl. Rep.* 642. The case will go back for a proper trial with opportunity afforded counsel to present their evidence on all phases of the case.

The judgment is reversed, with direction to proceed in accordance with this opinion.